JOHN STEVENS *versus* MOSES WHITTIER.

The record of a mortgage is sufficient, if, over the signature of the clerk of the proper town, the writing shows a substantial compliance with the statute.

A mortgagee of a stock of goods agreed with a creditor of a mortgagor, that he might attach and sell the goods, upon condition that the mortgage debt be first paid from the proceeds of the sale. The goods being attached, and sold by an officer, it was held that an action of assumpsit by the mortgagee against him, to the amount of the debt, could be maintained.

REPORTED by CUTTING, J., presiding at *Nisi Prius.*

The plaintiff held a mortgage of a stock of goods from Horace Stevens to him, which were attached on a writ by a creditor of said mortgagor, and sold thereon by consent, in pursuance of an agreement between said creditor and the mortgagee, the plaintiff in this action, that his debt, secured by the mortgage, should first be paid from the proceeds of the sale of the goods. The money was demanded of the officer by the plaintiff, and this action is brought to recover the amount of the mortgage debt.

*J. M. Meserve*, counsel for plaintiff.

*E. O. Bean*, counsel for defendant.

TENNEY, C. J. It is not denied that the mortgage of the goods from Horace Stevens to the plaintiff was *bona fide*, and designed to secure a debt actually due from the mortgagor to the mortgagee. But it is insisted, that the same was not recorded according to the provision in sections 32 and 33 of chap. 125 of R. S.

It is sufficient, if over the signature of the town clerk of the proper town, the writing shows a substantial compliance with the statute. Upon this mortgage is the following: "East Livermore, Aug. 13, 8 P. M. Received 8 P. M., August 13, 1853. Book 1st, page 158 and 159. Attest, A. Barton, Town Clerk. Fees, 29, paid."

It cannot be doubted that this shows that the mortgage

was entered upon the records of the town in which it is stated therein, the mortgager resided. There is but one date, which must refer both to the time of the receipt of the paper, and the recording of the contents of the same, and it was unnecessary to note upon the book in which the record was made, the time when the mortgage was received. Head v. Goodwin, 37 Maine R., 181.

The goods secured by the mortgage were attached by the defendant, on a writ in favor of James S. Fillebrown and al., against Horace Stevens, and afterwards sold thereon, by consent of the parties to the same, according to R. S., chap. 114, sec. 52. The money received by the defendant from the sale, was demanded before the institution of this suit, for the recovery thereof, and was in his hands, as we infer from his refusal to pay it, on account of having been forbidden to do so, by Fillebrown.

Before the attachment, and while the key of the store in which the goods were, was in the hands of the defendant by the permission of Horace Stevens, that they might not be exposed to removal in his absence, he went with Fillebrown's attorney to the plaintiff, and a writing was prepared by the attorney, and signed by the plaintiff, in which, for a consideration paid by said James S. Fillebrown and al., he consented that the goods might be attached on any claim which said Fillebrown and al. had against Horace Stevens, waiving the right which he had to the possession of the same, and the claim of payment or the tender of the mortgage debt, before attachment could be made, and further consenting and agreeing that the officer having the writ, might make sale of the goods on the same, upon the condition that the debt which the plaintiff had against said Horace Stevens, legally secured by mortgage as aforesaid, should be first paid and canceled from the proceeds of the sale of said goods, after deducting the necessary expense and costs of sale, provided the amount of the sale should be sufficient therefor. The defendant then went to East Livermore and took possession of the store and goods, under this agreement, and made

return of the attachment of the goods on the writ, as before stated.

By the contract which the plaintiff entered into, he did not release Fillebrown and al. from the necessity of paying or tendering the sum for the security of which the mortgage was given, in order to make the attachment of the goods, upon the *promise* that they would pay upon the plaintiff's claim, such amount as should be equal to the net avails of the sale of the property, but upon the *condition*, that the plaintiff's debt should be first paid and canceled from the *proceeds* of the sale, &c. Fillebrown and al. were parties to this contract, and consented that the money itself, received on the sale of the goods, after paying necessary expenses and costs of sale, should be applied to the purpose of discharging the mortgage debt. The property was that of the plaintiff, subject to be redeemed. He gave it up to be attached, not absolutely, but on the condition that instead of the property in *specie*, he should hold that which should be received therefor, immediately on its transfer to the purchasers, to the extent of his debt, after deducting, expenses, &c. The avails of the sale was pledged to the plaintiff, when it should be received by the defendant. The excess, after the mortgage should be extinguished by payment, was to be applied to the debt of the attaching creditors. The net amount necessary for the payment of the mortgage was never intended to be under the control of these creditors. It never became theirs. The attachment and sale did not alter the previous ownership of the property. All that was not needed for satisfaction of the mortgagee's claim, would remain the property of the mortgager till applied upon a judgment according to law; and at the time of the sale no judgment had been obtained. The defendant knew all the facts touching this contract; he attached, and took possession of the goods, as the agent of the attaching creditors, as well as an officer of the law, and under that very contract, and must be treated therefore as assenting to all its conditions and provisions. He became the holder of the money under the contract; assumed

voluntarily the duty of a trustee for the plaintiff, in taking the goods, on the condition that the first proceeds of the sale should be paid to him in the execution of the trust. He held that money at the time it was demanded of him, and is liable in this action.

If the defendant was a stranger to the agreement between the plaintiff and the attaching creditors, he would stand in no better condition. The latter, by receiving the agreement, consented to the condition therein. They had no claim to the proceeds of the sale before judgment against Horace Stevens. Until such judgment there was no evidence on which the defendant could have relied that he was their debtor. The proceeds of the sale was by that agreement to be the property of the plaintiff, so far as it was needed to pay his debt; the defendant was under no liability to the attaching creditor, after judgment, for the amount so appropriated, and he would not be liable for the same amount to the mortgager, who had consented to the sale of the goods. The defendant then held money which belonged to the plaintiff, which he ought to have paid on demand, and upon well established principles he is liable in an action for money had and received.

The objection to the maintenance of the action on the ground that the notes had not become mature at the time of the attachment by the defendant, is not supported. If there had been no agreement between the plaintiff and the attaching creditors, without the payment or tender of payment of the mortgage debt, the defendant was a trespasser upon his rights, notwithstanding the mortgager was not entitled to possession of the goods, until the maturity of one of the notes named in the condition of the mortgage. And an action of trespass can be maintained for an injury to the reversionary interest of a mortgagee in personal property, when he has no right to immediate possession. Welch v. Whitman, 25 Maine, 86. And when he holds the proceeds of the sale of the same goods under an agreement that they are to be

applied upon the mortgage, he can be no less liable in an action of assumpsit.

The commencement of the trustee process in this case, and the summoning of the plaintiff as trustee therein, cannot defeat this action.    The very property from which the fund in controversy arose, was by consent of the plaintiff attached by the defendant, and taken into his possession, and could not be holden under a foreign attachment.    If it were supposed that the plaintiff was indebted to the debtor, Horace Stevens, on any other account, it is not perceived how this suit could in any manner interfere with his supposed liability as trustee.

*Defendant defaulted.*